UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D.A., a minor, by and through his
mother B.A.; and X.A., a minor, by and
through his mother B.A,

       Plaintiffs,                    Judge Paul L. Maloney
                                         Magistrate Judge Sally J. Berens
v                                                   No. 23-cv-423

TRI COUNTY AREA SCHOOLS, ANDREW
BUIKEMA and WENDY BRADFORD,

       Defendants.
_____/

| Conor T. Fitzpatrick (P78981) | Timothy J. Mullins (P28021) |
|---|---|
| Adam J. Tragone (Pa. Bar. 332452) | John L. Miller (P71913) |
| Foundation for Individual Rights and Expression | Annabel F. Shea (P83750) |
| | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 700 Pennsylvania Ave. SE, Ste. 340 | 101 W. Big Beaver Road, 10th Floor |
| Washington, D.C. 20003 | Troy, MI 48084-5280 |
| (215) 717-3473 | (248) 457-7020 |
| conor.fitzpatrick@thefire.org | tmullins@gmhlaw.com |
| adam.tragone@thefire.org | jmiller@gmhlaw.com |
| | ashea@gmhlaw.com |

**STIPULATED PROTECTIVE ORDER**

The parties agree, and the Court has determined, that the parties may view certain documents and information that are of a confidential, private, and/or sensitive nature, or that is protected from dissemination by state or federal law, including education records protected under Family Education Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), medical records, videos, pictures, and other documents, ESI, records, or other evidence, that contain information of a confidential, private, and/or sensitive nature.

Disclosure of this confidential, private, and/or sensitive information outside of this

litigation could have a detrimental impact on the parties. Therefore, the parties, by and through their attorneys, hereby stipulate to the entry of the following protective order:

**IT IS HEREBY ORDERED** as follows:

1. When used in this Order, "confidential documents" mean documents and things of a type contemplated by Federal Rule of Civil Procedure 26(c) which a party, in good faith, regards as confidential and not a finding by the Court that any such record is in fact confidential. The designating party in good faith believes that it is proprietary, trade secret(s), or other sensitive business or personal information, including medical records, text message, social medial content, phone records, tax records, educational records of non-parties, student identifying information, information protected by the Family Educational Rights and Privacy Act, and financial information. However, the Court in accordance with the provisions of the Federal Court Rules and relevant case law shall, if required, make the ultimate determination of whether information is actually entitled to the designation "Confidential" and nothing in this Order shall be deemed to have altered the parties' burdens in establishing or disputing the propriety of any designation of confidentiality. Confidential documents will be marked "confidential — produced pursuant to protective order" or otherwise designated as "confidential." This protective order shall apply to all student educational records as defined by Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, from Tri County Area Schools, whether marked "confidential" or not.

2. All confidential documents, as that term is defined by Paragraph 1, shall be used solely for the prosecution and/or defense of this action which shall include any appeal taken by any party.

3. Except as provided in Paragraphs 4 and 5, no document designated as

confidential and no information contained in a confidential document may be disclosed to any person other than:

    a. The parties;

    b. Counsel for the parties;

    c. Secretaries, paralegal assistants and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

    d. Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action);

    e. Any facilitator/mediator who the parties have agreed to use in this case; or

    f. Court reporters used in this case.

4. Except for counsel for the parties in this action and their employees, secretaries and paralegals covered by the provisions of Paragraph 3a. and 3b., disclosure to other persons shall be made only upon the condition that the party disclosing the confidential document or information shall inform the person that he or she shall not use, directly or indirectly, any information from the confidential documents of another party for purposes other than the prosecution or defense of this action or disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

5. Whenever a party objects to the designation of a document as confidential, and the opposing party objects to the designation, the designating party must apply to the Court for a ruling that the document shall be so treated, giving notice to the party producing the document, or in the case of a subpoenaed record to the party designating the record as

confidential. Until this Court enters an Order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided for it in this Order.

6. All documents produced pursuant to this Protective Order shall be destroyed by Plaintiffs' counsel and/or Defendants' counsel after final disposition (including all appeals) of the case except any documents attached to any pleadings filed with the Court.

7. Nothing in this Order shall prevent any party or nonparty from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

IT IS SO ORDERED.

_____
Hon. Paul L. Maloney
U.S. District Court Judge

The undersigned stipulate to entry of the above Stipulated Protective Oder.

(signatures next page)

Respectfully submitted,

By: /s/ Conor T. Fitzpatrick
    Conor T. Fitzpatrick (P78981)
    Adam S. Tragone (Pa. Bar. 332452)
    FOUNDATION FOR INDIVIDUAL RIGHTS AND
        EXPRESSION
    700 Pennsylvania Ave. SE, Suite 340
    Washington, D.C. 20003
    (215) 717-3473
    conor.fitzpatrick@thefire.org
    adam.tragone@thefire.org

    *Counsel for Plaintiffs*

/s/ Annabel F. Shea (w/ consent)
    Timothy J. Mullins (P28021)
    John L. Miller (P71913)
    Annabel F. Shea (P83750)
    Giarmarco, Mullins & Horton, P.C.
    101 W. Big Beaver Road, 10th Floor
    Troy, MI 48084-5280
    (248) 457-7020
    tmullins@gmhlaw.com
    jmiller@gmhlaw.com
    ashea@gmhlaw.com

    *Counsel for Defendants*