*D.A., a minor, et al. v. Tri County Area Schools, et al.*

# Exhibit A to Pls.' Response in Opp. to Defs.' Motion to Extend Dates in Scheduling Order

THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| D.A., a minor, by and through his mother B.A.; and X.A., a minor, by and through his mother B.A.,<br><br>*Plaintiffs*,<br>v.<br><br>TRI COUNTY AREA SCHOOLS; ANDREW BUIKEMA, in his individual capacity; and WENDY BRADFORD, in her individual capacity.<br><br>*Defendants*. | Case Number: 23-cv-423<br>Judge Paul L. Maloney<br>Magistrate Judge Sally J. Berens<br><br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| CONOR T. FITZPATRICK (P78981)<br>HARRISON M. ROSENTHAL (Pa. Bar No. 332452)<br>Foundation for Individual Rights and Expression<br>Attorney for Plaintiffs<br>510 Walnut Street, Suite 1250<br>Philadelphia, PA 19106<br>(215) 717-3473<br>conor.fitzpatrick@thefire.org<br>harrison.rosenthal@thefire.org | TIMOTHY J. MULLINS (P28021)<br>JOHN L. MILLER (P71913)<br>ANNABEL F. SHEA (P83750)<br>Giarmarco, Mullins & Horton, P.C.<br>Attorneys for Defendants<br>101 W. Big Beaver Road, 10th Floor<br>Troy, MI 48084-5280<br>(248) 457-7020<br>tmullins@gmhlaw.com<br>jmiller@gmhlaw.com<br>ashea@gmhlaw.com |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs D.A., a minor, by and through his mother B.A., and X.A., a minor, by and through his mother B.A. ("Plaintiffs") request that Defendants Tri County Area Schools, Andrew Buikema and Wendy Bradford ("Defendants") produce the documents and tangible things described below within thirty (30) days of the date of service of this request.

## DEFINITIONS

1. "Document" as used in these requests means any document, electronically stored information, or tangible thing, and includes but is not limited to the items listed in Federal Rule of Civil Procedure 34(a)(1)(A)-(B).

2. A draft or non-identical copy (whether different from the original because of any notations or other comments that do not appear on the originals or other copies) is a separate document within the meaning of this term.

3. "Plaintiffs" means any of Plaintiffs D.A., a minor, by and through his mother B.A. and X.A., a minor, by and through his mother B.A.

4. "Buikema" means Andrew Buikema in both his individual and official capacities.

5. "Bradford" means Wendy Bradford in both her individual and official capacities.

6. "School District" means Tri County Area Schools, and any of its officers, directors, employees, agents, partners, corporate parents, subsidiaries, or affiliates.

7. "Defendants" means any of Defendants Tri County Area Schools, Buikema, or Bradford.

8. "Third party" means any person or entity who is not an employee, agent, or other representative of the parties in the above-captioned action.

9. "You" and "Your" refers to any of Defendants, including their attorneys, agents, or other representatives.

10. "Person" shall mean any natural individual, corporation, limited liability company, partnership, limited partnership, proprietorship, joint venture, association, organization, or any other business, legal, or governmental entity or institution.

11. The term "communication" means the oral or written transmittal of information, by and to whomsoever made, including not limited to correspondence (including electronic correspondence), dialogues, meetings, discussions, interviews, consultations, agreements, and all other understandings between or among two or more persons, as well as all documents memorializing, recapping, summarizing, or otherwise reflecting the communication.

12. "Identify" when used in reference to a person means to provide: (a) the person's full name; (b) job title; (c) present or last known place of employment; (d) present or last known address; and (e) all known telephone numbers and e-mail addresses.

13. "Identify" when used in reference to documents means to specify, in sufficient detail to permit a person to locate and recognize the document, the contents of the document, including but not limited to: (a) the type of document; (b) the title of the document; (c) the authors; (d) the addressees; (e) the recipients; (f) the date of the document; and (g) a description of its subject matter and contents.

14. "Describe" means to narrate, relate, or depict a factual set of events, including identifying the parties involved, where the events took place, and when and how events unfolded.

15. "Referring to" means concerning, describing, discussing, evidencing, or constituting.

16. "And" and "or" mean "and/or."

17. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Each response should be preceded by identification and verbatim quote of the request for production to which it responds.

2. Produce Bates-numbered documents in accordance with the specifications set forth in the Joint Status Report.

3. Production of electronically stored information will be made in native electronic format (if able), and/or in PDF format. To the extent possible, all documents produced in electronic format must be searchable (with OCR (Optical Character Recognition)), readable, with metadata intact. Any electronically stored information in possession or control of either party shall be preserved and retained until final resolution of this action.

4. If a document is no longer in Defendants' possession or control, Defendants must state when such item was most recently in their possession or their control and what disposition was made of it. If the document was destroyed, Defendants must identify the

following: (a) when it was destroyed; (b) the person who destroyed the document; (c) the person who directed that the document be destroyed; (d) the reason for destruction; and (e) all communications or documents concerning the document's destruction.

5. If you object to any request on the grounds that it asks for documents that are privileged, set forth fully in the objection the facts upon which you rely as the basis for the asserted privilege.

6. If you withhold any document under a claim of privilege, provide a privilege log identifying the following: (a) each document for which you claim a privilege; (b) date of the document; (c) author(s); (d) sender(s); (e) recipient(s); including job title; (f) subject matter of the document, (g) the basis on which you claim a privilege; and (f) which requests the document responds.

7. These requests are continuing in nature. If at any time after service of responses to these requests, and prior to trial of this action, Defendants obtain or become aware of additional documents or items pertaining to any of these requests, Defendants shall serve upon Plaintiffs' counsel supplemental responses and documents as provided by Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**Request for Production 1:** Produce all documents and communications, excluding those solely to/from counsel, discussing this dispute, including but not limited to documents and communications discussing this lawsuit as well as the demand letter attached as Exhibit C to the Complaint.

**Response:**

- 5 -

**Request for Production 2:** Produce all documents and communications regarding students wearing apparel containing political or social messages including but not limited to documents and communications reflecting "Pride" activities, awareness, or events.

**Response:**

**Request for Production 3:** Produce all documents and communications related to how Tri County Area Schools determines whether a student's attire is "obscene," "profane, "vulgar," or "disruptive to the teaching and/or learning environment by calling undue attention to oneself."

**Response:**

**Request for Production 4:** Produce all documents and communications related to Tri County Area Schools' determination that "Let's Go Brandon" apparel violated the school dress code.

**Response:**

**Request for Production 5:** Produce all documents and communications related to or concerning the training provided to Tri County Area Schools staff and administrators regarding the dress code and all guidance/communications to parents regarding the dress code.

**Response:**

**Request for Production 6:**   Produce all documents and communications discussing or mentioning Plaintiffs from October 2021 to present.

**Response:**


**Request for Production 7:**   Produce all documents and communications supporting your denial of Paragraph 45 of the Complaint.

**Response:**


**Request for Production 8:**   Produce all documents and communications supporting your denial of Paragraph 72 of the Complaint.

**Response:**


**Request for Production 9:**   Produce all documents and communications supporting your denial of Paragraph 77 of the Complaint.

**Response:**


**Request for Production 10:**   Produce all documents and communications supporting your denial of Paragraph 102 of the Complaint.

**Response:**

**Request for Production 11:** Produce all documents and communications which you contend support Affirmative Defense 10.

**Response:**

**Request for Production 12:** Produce all documents referenced in your responses to any of Plaintiffs' interrogatories or relied upon in responding to same.

**Response:**

Dated: August 18, 2023                    Respectfully Submitted,

/s/ Conor T. Fitzpatrick
CONOR T. FITZPATRICK (P78981)
HARRISON M. ROSENTHAL (Pa. Bar No. 332452)
Foundation for Individual Rights and Expression
Attorneys for Plaintiffs
510 Walnut Street, Suite 1250
Philadelphia, PA 19106
(215) 717-3473
conor.fitzpatrick@thefire.org
harrison.rosenthal@thefire.org

- 8 -

## CERTIFICATE OF SERVICE

     I certify that on August 18, 2023, a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents was served on Defendants' counsel via first class mail and email.

                              By: */s/ Conor T. Fitzpatrick*
                              CONOR T. FITZPATRICK (P78981)